HARRIS, Judge.
Rhonda P. Catala was terminated by Wendy’s for insubordination in refusing to clean the men’s room. Her first appeal of this decision was successful in that the Referee upheld her right to compensation. However, on appeal to the Unemployment Appeals Commission, it was determined that the tapes of the hearing before the Referee were inaudible and a new hearing was required. The new hearing before a new Referee resulted in a decision in favor of the employer and Catala appealed. The Commission upheld the Referee and Catala has come here.
She first urges that it was improper to order a new hearing because of the condition of the tapes. She is concerned that her request to have copies of the tapes was not honored. The Commission responds that after the tapes were found to be inaudible, they were returned to the Bureau of Appeals and the tapes were lost. We accept that explanation. Further, we agree that a lost *518 or destroyed record when a party is entitled to an appeal, if the record can not be adequately reproduced, mandates a new trial. See Coyle v. Western Union, 542 So.2d 475 (Fla. 1st DCA 1989). In this case, the Commission determined that the record could not be adequately reconstructed and we affirm that determination.
We were concerned, however, by the allegation made in Catala’s brief and at oral argument that:
When Mr. Catala, the Appellant’s husband, attempted to present notarized copies and original power-of-attorney to represent the Appellant at hearing and announced his desire to tape the proceedings, he was ordered to get out and sit down by Referee Land. This disorganized any attempt to conduct her testimony properly.
Because we were concerned that the Referee may have violated the Claimant’s right to counsel as provided by the appropriate rules, we ordered a copy of the transcript of the latest hearing before Referee Land, which had not been previously provided us. We find no support for Catala’s claim. At the outset of the hearing, these questions were asked:
REFEREE: Okay. We also have the claimant in the hearing room. Could you please identify yourself by giving me your name, please, ma'am?
R.P. CATALA: Yes, ma'am. Rhonda P. Catala.
REFEREE: Okay. And you also have a witness. Give me the witness name, please, ma'am.
R.P. CATALA: Raymond C. Catala.
Mr. Catala was indeed called as a witness by his wife and credibly examined by her. After his testimony was completed, he asked to make a statement and the following occurred:
R.C. CATALA: I would like to make a statement regarding ...
REFEREE: Thank you. No, sir, as a witness, sir, you’re here to as — -just to answer questions that are asked of you.
Okay?
R.C. CATALA: I see.
REFEREE: That’s the role of the witness. So we’ll go ahead and excuse you at this time. Okay?
R.C. CATALA: Thank you.
There was no objection to this procedure. We find no reference in the record to any request by Mrs. Catala’s husband to serve as her counsel or any denial of a request for counsel.
We affirm the decision of the Unemployment Appeals Commission.
AFFIRMED.
PETERSON, C.J., and GOSHORN, J., concur.